WILLIAM H. M. SANGER, RESPONDENT, *v.* JAMES M. SEY-MOUR AND OTHERS, APPELLANTS.

*Inspection of books and papers — an order compelling their production will not be granted unless it is needed to enable the party to present his own case.*

This action, brought to recover the amount found to be due to the plaintiff from the defendants on a settlement of the accounts of the parties, was defended upon the ground that the settlement was obtained by fraud, duress and coercion, and the defendants asked that it be set aside.

Upon an appeal from an order granting an application made by the plaintiff for a discovery and inspection of certain books and papers, the defendants claimed that the only question to be tried was whether the defendants gave up certain securities and signed the agreement through fear, duress and fraud practiced on the part of the plaintiff.

*Held,* that as an examination of the pleading, taken in connection with the declaration of the defendants' counsel, made in open court upon the submission of the appeal herein, showed that the plaintiff's claim was proved *prima facie,* and that as it was not necessary for the presentation of his case in the first instance that the plaintiff should be permitted to make any examination, the order should be reversed.

APPEAL from an order directing an inspection of the defendants' books of accounts.

*Joseph H. Choate,* for the appellants.

*B. F. Watson,* for the respondent.

BRADY, J.:

The parties to this action, having had a variety of transactions involving loans and purchases and sales of stock, finally and on the 26th of March, 1885, as alleged by the plaintiff, settled their accounts, and by mutual agreement in writing; the defendants yielding certain securities to the plaintiff and conceding that they were indebted to the plaintiff in the sum of $7,500. The facts are very much involved and are somewhat striking in character. For the purposes of this appeal, however, it is not necessary to refer to them in detail.

The defense is that the settlement, at the time mentioned, which resulted in an agreement creating the indebtedness already stated, was obtained by fraud, duress and coercion, and the defendants asked that it be set aside.

The plaintiff applied for a discovery and inspection of certain books and papers, which was granted, and hence this appeal. The defendants take the broad ground in opposition that the sole issue here is whether the plaintiff's case is a blackmailing scheme or not, and that the question to be tried, therefore, is whether the defendants gave up the securities and signed the agreement mentioned through fear, duress and fraud practiced on the part of the plaintiff.

It is not necessary, therefore, in order to establish the plaintiff's case, that there should be any inspection of the books and papers. This concession on the part of the defendants settles all controversy about it, inasmuch as it is thus admitted that if it be not established that the agreement was obtained by fear, duress and fraud, judgment for the plaintiff must follow. The only object, under such circumstances, which can be contemplated by the plaintiff in seeking a discovery, is to prepare to meet the defense stated, and which may or may not be proved absolutely or apparently. From the facts and circumstances spread upon the record it would appear to be impossible for the defendants to maintain their defense, without going into proof of the transactions which characterized the dealings with the plaintiff, and involving, to a certain extent at least, the books used by the defendants in conducting their business, and which, if such a necessity should exist, would expose them to the examination of the plaintiff as well.

It is not usual to direct a discovery and inspection of books and papers in anticipation of a defense and with a view to prepare to meet it. The rule, as generally stated, is that the objects to be inspected must relate to the maintenance of the position taken by the applicant and not that of the opposite party. (*Andrews* v. *Townshend*, 14 Weekly Dig., 243.) And again, that a discovery will not be granted unless the court is satisfied that the discovery is pertinent and material to the claim or defense of the party seeking the remedy. (2 Wait's Pr., 531, and cases cited.) And, consequently, where the plaintiff moved for an inspection of the defendants' books, to show payment or non-payment of a debt, it was held that the defense of payment is a fact to be shown by the defendant, and not by the party applying for the inspection. (*Cutter* v. *Poole*, 54 How., 311.)

The result of an examination of the pleadings, taken in con-

nection with the declarations made in open court upon the submission of the appeal herein, is that the plaintiff's claim is proved *prima facie*, and that the defendants have the affirmative of the issue of fraud. In other words, they admit that the agreement alleged was made in March, 1885, as already indicated, and that they are liable under it unless they can show that it was obtained by fear, duress, coercion and fraud, and for which they assail it. It is not necessary, therefore, for the plaintiff's presentation of his case in the first instance, to make any examination of the books and papers in the defendant's possession, inasmuch as the claim is admitted and can only be destroyed by the affirmative defense set up. If that fail, he is entitled to judgment. And it seems to be quite evident that if the defendants should establish the defense by proof of the acts charged, and the books and papers were not necessarily involved in it, they could be obtained by a subpœna *duces tecum.* And when that can be accomplished, it is not usual, and will not, except in extreme cases, be so ordered, to require the party to make the discovery and inspection sought.

For these reasons, the order appealed from should be reversed.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed.